UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| ANTHONY D. JONES, JR., | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S**
**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its Attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jennifer Szczucinski, Special Assistant United States Attorneys for said District, and moves the Court to order Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As and for its grounds, the United States of America states as follows:

1. Defendant is charged with armed carjacking in violation of Title 18, United States Code, Section 2119, brandishing and discharging a firearm in furtherance of that crime of violence in violation of Title 18, United States Code, Section 924(c), Felon in Possession of Ammunition and Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1), and Witness Tampering in violation of Title 18, United States Code, Section 1512(b)(3). Accordingly, a rebuttable presumption arises pursuant to Title 18, United States Code, Section 3142(e)(3) that there are no conditions or combination of conditions which will reasonably assure

1

the appearance of the defendant as required, and the safety of any other person and the community.

      2.      Under the Bail Reform Act of 1984, 18 U.S.C. §3142(e), a defendant may be detained without bail prior to trial where, after a hearing, a judicial officer finds that the government has shown by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community.  In the alternative, the government may show by a preponderance of the evidence that the defendant is a flight risk such that no condition or set of conditions will reasonably assure the defendant's appearance. *See* 18 U.S.C. § 3142(c), (e)-(f); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citing *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc))); *United States v. Dorsey*, 852 F.2d 1068 (8th Cir. 1988); *United States v. Lewis*, 676 F. Supp. 1008, 1018 (E.D. Mo. 1991); *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987).  The Bail Reform Act describes the factors to be considered in determining whether the required conditions of release exist.  18 U.S.C. § 3142(g).  The Court is directed to take into consideration the available information concerning:

    (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence…or involves a…firearm, explosive, or destructive devise;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including --

        (A)    his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether, at the time of the current offense and

       arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…*Id.*

## THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

3. The Defendant is charged with violent offenses, including carjacking resulting in death and use of a firearm in furtherance of a crime of violence resulting in death.  The punishment for these offenses includes any term of years, life, and death.  18 U.S.C. §2119(3); 18 U.S.C. 924(j)(1).  Investigation by the St. Louis Metropolitan Police Department ("SLMPD") and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") revealed[1] that on May 4, 2019, Jessica Vinson ("Vinson") was found deceased, her body abandoned behind the 5300 block of Vernon Avenue.  Vinson was shot multiple times.  Further, Vinson had no identification on her person.  Once SLMPD detectives were able to identify Vinson, they discovered that Vinson's vehicle was missing and that Vinson's home, located in the 4300 block of Maffitt, was burglarized by several individuals approximately ninety minutes prior to Vinson's body being discovered.  Missing from Vinson's home were several items, including an iPad.  Additionally, SLMPD detectives learned that at approximately the same time Vinson's home was being burglarized, a witness spoke with Vinson in the 3100 block of Ohio.  According to the witness, Vinson arrived in her vehicle, but was seated in passenger seat while an unknown black male was driving Vinson's

---

[1] The United States expects that the facts set forth would be offered at trial.  However, this summary is not offered as a comprehensive statement of the United States' case.  Instead, the purpose is to provide the Court with an outline of some of the United States' evidence and to to serve as a guide for the Court.  It is not intended to be in the nature of a Bill of Particulars that would fix and/or bind the United States to a set theory of proof.

3

vehicle.

4. On May 6, 2019, SLMPD officers located Vinson's vehicle driving in the area of Belt Avenue and Page Avenue. SLMPD officers observed that the license plate affixed to the rear of Vinson's vehicle was registered to a different vehicle. When SLMPD officers attempted to pull over Vinson's vehicle, it fled at a high rate of speed, eventually crashing near the exit ramp of I-70 and Grand Avenue. The Defendant fled from the driver's seat and Tyeishia Adail, charged as with being an accessory after the fact to Vinson's murder pursuant to Title 18, United States Code, Section 3, fled from the passenger seat of the vehicle. The Defendant was ultimately taken into custody while hiding in the garage of a residence. Adail was taken into custody at a gas station nearby. A search of Vinson's vehicle located a Ruger P95 9mm pistol between the driver's seat and the center console and a small bag with suspected narcotics on the back seat. Adail's purse was also present, with Vinson's iPad inside it. Vinson's license plates were located in the trunk of the vehicle. Officers also observed ballistic damage to the interior passenger side door, two bullets on the passenger side of the vehicle, and suspected blood on the passenger seat and doorframe. The SLMPD Laboratory analyzed the license plates for fingerprints and the suspected blood for DNA. Forensic analysis of the suspected blood identified it as being Vinson's DNA. Cellular phone records revealed that the Defendant communicated with Adail and others involved in the burglary of Vinson's home multiple times in the hours prior to Vinson's body being located. Those records further revealed that the phone the Defendant utilized was located: 1) near Vinson's apartment in the early morning hours of May 4, 2019; 2) near the 3100 block of Ohio at the time when Vinson was in the 3100 block of Ohio; and 3) between Adail's apartment and the location where Vinson's body was located approximately one hour before Vinson was found.

5. While confined in the St. Louis City Justice Center on unrelated charges, the Defendant used a jail-issued tablet to send electronic communications threatening to harm individuals who were aware of the Defendant's violent criminal conduct toward Vinson.

## THE WEIGHT OF THE EVIDENCE

6. The weight of the evidence against Defendant is strong. Among other things, it consists of the Defendant being located driving Vinson's vehicle, which contained Vinson's blood and ballistic evidence, two days after her murder. Cellular phone evidence ties the Defendant to the scene and to Vinson. The evidence strongly indicates the Defendant is guilty of the crime charged and thus, should be detained awaiting trial.

## THE HISTORY AND CHARACTER OF THE DEFENDANT

7. The Defendant is currently confined in the St. Louis City Justice Center, pending trial, for multiple counts of Assault in the First Degree and Armed Criminal Action. In that case, the Defendant is charged with shooting at an individual near a gas station, chasing that individual back to his/her vehicle; and continuing to shoot into the vehicle, injuring a small child who was seated in the back seat.

8. The defendant's criminal history reflects that he has multiple felony convictions including, but not limited to, the following:

- 1022-CR05041, *State of Missouri v. Anthony Jones*\*
    Guilty Plea/Sentence Date:   February 17, 2011
            Count One:   Robbery in the Second Degree
            Count Two:   Robbery in the Second Degree
            Sentence:    7 year SES, 3 years probation
        \*The SLMPD Incident Report regarding this conviction reflects that the Defendant and another individual approached a male and a female walking to a vehicle, repeatedly struck both individuals until they obtained keys to the vehicle, and stole the vehicle.

5

- 1122-CR05023, *State of Missouri v. Anthony Jones*
    Guilty Plea/Sentence Date:   February 24, 2012
                Count One:   Tampering in the First Degree
                Sentence:     5 years MDC*
    *The Defendant's parole was revoked.

- 1322-CR00383, *State of Missouri v. Anthony Jones*
    Guilty Plea/Sentence Date:   May 5, 2013
                Count One:   Unlawful Possession of a Firearm
                Count Two:   Unlawful Use of a Weapon
                Sentence:     7 years MDC*
    *The Defendant was released on parole on December 26, 2018 and was on parole at the time he committed the charged offenses.

## DANGER TO OTHERS AND THE COMMUNITY

9. The Defendant is a danger to the community. Danger to the community may be established by presenting "significant evidence linking [a defendant] to the violent crime for which he was indicted." *Abad*, 350 F.3d at 797 (citing *Mercedes*, 254 F.3d at 435, 438). Strong evidence exists that the Defendant committed a violent carjacking and murder. Additionally, the Defendant is a danger to any other co-conspirators and witnesses, as he has already threatened individuals, if they disclosed information about Vinson's murder, indicating there is a serious risk that the Defendant will continue to attempt to obstruct justice, threaten, injure, or intimidate prospective witnesses. *See* 18 U.S.C. §3142(f)(2)(B).

10. Further, the Defendant brags, in numerous electronic communications from his jail-issued tablet, about being involved in multiple shootings and murders in the St. Louis area.

## FLIGHT RISK

11. The Defendant is a flight risk. He is facing substantial prison time, and, possibly, the death penalty, which provides an overwhelming incentive to flee to avoid prosecution. *See United States v. Arndt*, 329 F. Supp. 2d 182, 199 (D. Mass. 2004) (facing lengthy term of

imprisonment is in itself an incentive to flee).  *United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir. 1994) (no constitutional violation in long pretrial detention where prospect of lengthy term in prison provides great incentive to flee); *United States v. Gonzalez*, 995 F. Supp. 1299, 1303 (D. N.M. 1998); *United States v. Nichols*, 897 F. Supp. 542, 547 (W.D. Okla. 1995) (prospect of lengthy prison term, life imprisonment, or death penalty provides defendant with great incentive to flee).  Further, the Defendant fled from law enforcement in this case, putting numerous individuals at risk.

12. Based upon a review of the statutory requirements, there is clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community or other specific persons residing in the community if the Defendant is released. Moreover, those same facts, coupled with the possibility of death or up to life in prison once convicted, establish by a preponderance of the evidence that the Defendant represents a risk of flight.  Detention is appropriate.

WHEREFORE, the United States requests this Court to order Defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of Defendant's initial appearance.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Jennifer Szczucinski*
JENNIFER SZCZUCINSKI, #56906MO
Special Assistant United States Attorney

7